IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

SAMUEL M. BROWN,

    Plaintiff

VS.

THOMAS AMMON, Warden,    :  NO. 1:07-cv-60 (WLS)

    Defendant    :  **ORDER**

Plaintiff **SAMUEL M. BROWN**, presently an inmate at Autry State Prison in Pelham, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to pay the prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

*I. STANDARD OF REVIEW*

    *A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by

Brown v. Ammonn    Doc. 4

prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

### II. BACKGROUND

Plaintiff alleges that on January 16, 2007, he returned to his cell from breakfast and discovered that his radio headphones and adaptor had been stolen. Plaintiff alleges that the theft occurred due to the negligence of Officers Shivers and Carter releasing the lock, presumably to plaintiff's cell. Plaintiff sues only Thomas Ammon, Warden of Jimmy Autry State Prison. As relief, plaintiff seeks reimbursement or replacement of his personal items.

## III. DISCUSSION

### A. Deprivation of property

To the extent that plaintiff is alleging that negligence resulted in the loss of his property, he has failed to state a claim upon which relief can be granted. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (holding that the due process clause of the Fourteenth Amendment is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property).

To the extent that plaintiff is alleging intentional misconduct, he still does not state a claim under section 1983. In *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), the Supreme Court held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." The State of Georgia provides adequate post-deprivation remedies whereby plaintiff may sue the defendants in the state courts and recover any damages due him for the loss of his property. *See* O.C.G.A. § 51-10-1. Such a cause of action still remains available to plaintiff.[1] Because plaintiff has adequate post-deprivation remedies available, he has failed to allege a violation of his Fourteenth Amendment rights.

### B. Respondeat Superior

Moreover, defendant Warden Thomas Ammon appears to have been named solely because he is the supervisor of Officers Shivers and Carter. Plaintiff makes no allegation that Warden Ammon was personally involved with the alleged loss of plaintiff's property. A supervisor has no *respondeat superior* liability for the misconduct of subordinates and is not liable under section 1983 for damages or injunctive relief unless "the supervisor personally participates in the alleged

---

O.C.G.A. § 9-3-32 provides: "Actions for the recovery of personal property, or for damages for the conversion or destruction of same, shall be brought within four years after the right of action accrued."

unconstitutional conduct or [] there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). A causal connection may be shown (1) if the supervisor is on notice of historical widespread abuse and fails to take corrective action, (2) the supervisor has a custom or policy that results in the alleged violation, or (3) if facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone*, 326 F.3d at 1360. Supervisory officials are not liable under section 1983 for having the "mere right to control without any control or direction having been exercised." *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 n.58 (1978). Plaintiff's factual assertions are insufficient to show supervisory liability on the part of Warden Ammon.

## IV. CONCLUSION

Based on the foregoing, the complaint against the defendant should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this ___5th___ day of April, 2007.

_____
W. LOUIS SANDS
UNITED STATES DISTRICT JUDGE